

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-9-2007

# Meneus v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2638

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Meneus v. Atty Gen USA" (2007). *2007 Decisions.* Paper 602.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/602

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2638

JEAN DUVAL MENEUS,
Petitioner

v.

ATTORNEY GENERAL USA,
Respondent

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A 79 489 098)
Immigration Judge:  Honorable Daniel A. Meisner

Submitted Under Third Circuit LAR 34.1(a)
July 9, 2007

Before:  RENDELL and AMBRO, Circuit Judges,
and SHAPIRO, * District Judge.

(Filed:  August 9, 2007)

_____

    *Honorable Norma L. Shapiro, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

RENDELL, <u>Circuit Judge</u>.

Petitioner Jean Duval Meneus illegally entered the United States in 1998. The Department of Homeland Security instituted removal proceedings against Meneus on September 29, 2004. He sought asylum, withholding of removal, and protection pursuant to the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). The immigration judge ("IJ") denied relief, and the Board of Immigration Appeals ("BIA") adopted and affirmed the decision of the IJ, and granted voluntary departure. The BIA, like the IJ, found that Meneus "did not establish either past persecution in Haiti or a clear probability that his life or freedom would be threatened upon return to Haiti," Supp. App. 1, and therefore did not establish eligibility for asylum, withholding, or protection under the CAT. Meneus filed a petition for review, claiming that the adverse credibility determination is not supported by substantial evidence. We will deny the petition.

## DISCUSSION

We have jurisdiction over this petition pursuant to 8 U.S.C. § 1252(a)(1). Because the BIA adopted the findings of the IJ and discussed some of the bases for the IJ's decision, we review the order of the BIA and the IJ for substantial evidence. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We review adverse credibility determinations for substantial evidence. *Id.*

To qualify for asylum, Meneus must demonstrate that "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).[1] To meet the heightened standard for withholding of removal, he must show that there is a "clear probability" that he will face persecution upon return to Haiti. *See Balazoski v. INS*, 932 F.2d 638, 640 (3d Cir. 1991). For protection under the CAT, a petitioner must show that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal. The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.16(c)(2). For an act to constitute torture it must be: "(1) an act causing severe physical or mental pain or suffering; (2) intentionally inflicted; (3) for a proscribed purpose; (4) by or at the instigation of or with the consent or acquiescence of a public official who has custody or physical control of the victim; and (5) not arising from lawful sanctions." *Lavira v. Att'y Gen. of the United States*, 478 F.3d 158, 166 (3d Cir. 2007) (quoting *Matter of J-E-*, 23 I.

---

[1]Meneus claimed on his initial asylum application that he arrived in the United States on January 2, 2001. If this date were correct, his application would not be time-barred. However, Meneus altered the date on his amended I-589, and testified under oath that he did arrive in the U.S. in November or December of 1998. He also testified that he started working at a conference center in Princeton, New Jersey on February 1, 1998. The IJ found Meneus's asylum application time-barred, regardless of which 1998 date of entry is correct, because he filed for asylum on July 13, 2001, well over a year after arriving. We agree that Meneus offered no compelling reasons why his procedural defect should be excused, *see* 8 U.S.C. § 1158(a)(2), and Meneus does not raise the issue of timeliness in his brief.

& N. Dec. 291, 297 (BIA 2002)).

According to Meneus's testimony, his brother was murdered in November or December of 1995 in his shop in Croix-des-Bouquets, Haiti.[2] Meneus believed his brother was murdered because he was a member of a group called Tonton Macoutes.[3] Meneus also testified that his brother's financial success inspired hatred amongst his peers, which Meneus believes contributed to his brother's murder. Meneus provided evidence that his brother was working as an informant for the Haitian police. The document stated that Ato Meneus, his brother, was an informant until 2000, but Meneus explained that the document was mistaken as to when his brother was an informant, and that his brother was, in fact, killed in 1995. Meneus tried to run his brother's shop for two or three months after his brother died, but he felt threatened by the same group of people that he believes committed the murder. Meneus testified that he left Haiti on November 28, 1998.

Meneus claims that the people who killed his brother would seek him out and kill him if he returned to Haiti. He explained that they would assume that he has money because he has been in the United States, and would kill him simply to take everything from him. Meneus believes that his brother's death, and the political opinions imputed to

---

[2] In his original I-589, Meneus stated that his brother was killed in 1988. App. 333.

[3] Until 1986, the Tonton Macoutes were the personal police force of Haitian dictator Jean-Claude Duvalier and his son. *Saint Fort v. Ashcroft*, 329 F.3d 191, 193 n.1 (1st Cir. 2003).

4

him by association, demonstrate a well-founded fear of, and clear probability of, persecution in Haiti.

However, the IJ found that Meneus was not credible, and that he had only established that there is a large amount of violence in Haiti which puts citizens at risk, not that his fear of returning has any nexus to a protected ground. The IJ observed that "one is not eligible for asylum or withholding of removal under [8 U.S.C. § 1231(b)(3)] because of general conditions of strife in the country of nationality." App. 28.

Because his asylum application was time-barred, *see* n.1, Meneus must meet the more stringent standard of demonstrating that there is a "clear probability" that he will be persecuted upon his return to Haiti. *Balazoski*, 932 F.2d at 640. Meneus "must show by credible, direct, and specific evidence an objectively reasonable basis for the claimed [clear probability] of persecution." *Chen*, 376 F.3d at 223. The IJ's finding that the testimony regarding the imputed political association was not credible was supported by substantial evidence. Although Meneus claimed in his first I-589 that his brother was killed in 1988 because he was a member of the Tonton Macoutes, his second I-589 indicated that his brother was killed in 1995 because he was a police informant. Meneus then testified that his brother was murdered in 1995 because he was a member of Tonton Macoutes, and because people were jealous of the brother's financial success. Meneus also submitted an unauthenticated letter from the Haitian police that stated his brother was a police informant until he died in 2000 which, Meneus testified, was an incorrect date. The IJ's reasonable conclusion that Meneus' inconsistent claims did not

5

demonstrate a reasonable basis for a clear probability of persecution on a protected ground is supported by substantial evidence. The IJ also correctly noted that Meneus's fear of persecution based on imputed financial success is not a protected ground for withholding of removal.

The IJ observed that Meneus "is not credible and his claim appears to be false and fabricated." App. 24. It is unclear when Meneus entered the United States because he has set forth so many potential dates of entry. As explained above, he has contradicted himself as to when his brother was killed, and why he was killed. Meneus also responded inconsistently to questions regarding his family. The BIA specifically adopted the IJ's finding that Meneus did not establish past persecution or a clear probability of persecution upon his returning, noting that he "lived in Haiti for several years after his brother's death without major problems." Supp. App. 1. Meneus has failed to provide credible evidence that would qualify him for withholding of removal, and thus there is no clear probability that he faces persecution upon return to Haiti.

Finally, the CAT claim must also fail. Meneus has offered no evidence, credible or otherwise, that he faces torture upon return to Haiti. *See Lavira*, 478 F.3d at 166.

## CONCLUSION

For the reasons described above, the adverse credibility determination of the BIA and IJ is supported by substantial evidence. The petition for review will be denied.

6